UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EAS ELECTRIC, a California partnership, etc.,<br><br>Defendant. | CASE NO.: CV 10-1265 ODW (Ex)<br><br>Discovery Issues Assigned to the Honorable Charles F. Eick<br><br>**PROTECTIVE ORDER** |

On March 10, 2010, Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al. (the "Trustees") served on Defendant EAS Electric, a California partnership ("EAS"), Request for Production of Documents, Set 1 (the "RFP"). The RFP seeks production of EAS' Unredacted Certified Payroll Records ("Unredacted CPRs"), which contain the names, addresses, and social security numbers ("Identification Information") of EAS' employees. Although this Identification Information is confidential in nature, the Trustees require the information in order to determine if EAS owes fringe benefit contributions to the Trustees.

**IT IS HEREBY ORDERED,** pursuant to the "Stipulation for Protective Order" entered into by and among the Trustees and EAS, and good cause appearing therefore:

///

1. EAS shall produce to the Trustees the requested Unredacted CPRs within twenty one (21) days from the issuance of this Order.

2. The Trustees shall not furnish, show, disclose or otherwise disseminate any Unredacted CPRs produced by EAS to the Trustees pursuant to the Requests, except to: (a) the Trustees, their agents and employees; (b) counsel for the Trustees and office personnel assisting counsel in the preparation and trial of this action; and (c) experts and consultants who are assisting said counsel in preparation and/or trial. The Trustees shall require any person(s) identified in subparagraphs (a) through (c) to be bound to this order.

3. The Unredacted CPRs may only be used for the purpose of calculating, collecting and allocating fringe benefit contributions allegedly owed by EAS to the Trustees for work performed by employees of EAS. The Unredacted CPRs may not be used for any other purpose by anyone, including those persons identified in Paragraph 1 herein.

4. The Unredacted CPRs shall be maintained in the possession and control of the Trustees and the Trustees' counsel in such a manner that they are not accessible to individuals not bound by this order.

5. Unless the Court orders otherwise, the Trustees may only file Unredacted CPRs with the Court after obtaining an order to seal pursuant to Local Rules 79-5.1 - 79-5.4.

6. The Trustees may redact the Unredacted CPRs by blocking out the employees' addresses and social security numbers, contained therein (referred to as "Partially Redacted CPRs"). The Partially Redacted CPRs may be provided to third parties and may be filed with the Court in this action, without an order to seal.

7. In the event that the Trustees are ordered by a court or any state, federal or governmental unit to produce the Unredacted CPRs, they shall provide reasonable notice to EAS, through their counsel, of that court order or command, so as to allow EAS to file an appropriate opposition to such order or command.

Case 2:10-cv-01265-ODW-E   Document 24   Filed 06/04/10   Page 3 of 3   Page ID #:140
Case 2:10-cv-01265-ODW-E   Document 22-2   Filed 06/04/10   Page 3 of 3

8. The Unredacted CPRs, produced by EAS pursuant to the RFP, shall be held by Trustees' counsel pending final resolution of this litigation by appeal or otherwise. Within six (6) months after such final resolution, the Unredacted CPRs shall be returned to EAS' counsel.

DATED: 6/4/10

UNITED STATES MAGISTRATE JUDGE

3          Protective Order
311179